IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DAVE O. AGBOR, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-2690 |
| MARYLAND AVIATION ADMIN., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

*I. Background*

Plaintiff Dave O. Agbor filed this lawsuit against his former employer, Maryland Aviation Administration ("MAA"), alleging discrimination in its failure to promote him and retaliation for engaging in protected activity in violation of Title VII (42 U.S.C. § 2000e *et seq.*) and Maryland's statutory equivalent, Md. Code Ann., State Gov't § 20-601 *et seq.* (LexisNexis 2009). (Compl., ECF No. 1.)  Pending before the Court is MAA's motion to dismiss or, in the alternative, motion for summary judgment. (ECF No. 7.)  The Court has considered it, Agbor's response in opposition (ECF No. 9), and MAA's reply (ECF No. 14).  No hearing is necessary. Local Rule 105.6 (D. Md. 2011).  The motion will be granted in part, denied in part, and held in abeyance in part.  The parties SHALL FILE appropriate documentation as explained in this memorandum **on or before April 19, 2013**.

## II. Applicable Standards

### A. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### B. Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere

...

above

existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(c)(4).

### III. *Allegations of the Complaint*

Agbor is an African-American citizen who was born in the Republic of Cameroon. (Compl. ¶¶ 10, 32.) He was formerly employed as an Airport Security Compliance Coordinator at Baltimore Washington Thurgood Marshall International Airport ("BWI"), which is owned and operated by MAA. (*Id.* ¶¶ 10, 11.) Agbor alleges that MAA failed to promote him on two separate occasions because of his race and national origin even though he was the most qualified applicant for the job. (*Id.* ¶ 13.) (However, Agbor's complaint only makes factual allegations as to one instance of alleged failure to promote.) MAA posted a position announcement in 2009 for a Program Manager II (Manager, Division of Parking and Transportation). (*Id.* ¶ 15.) Agbor applied for the position, but a Caucasian was selected to fill the job, and Agbor was notified on September 1, 2009, that he was not selected. (*Id.* ¶¶ 17, 18.)

On January 21, 2010, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 19; Def.'s Mot. Dismiss, Ex. A, ECF No. 7.)[1] Agbor

---

[1] The EEOC charge is dated January 21, 2010. The complaint alleges the date of the charge was January 22, 2010. The Court considers January 21 to be the correct date.

received on July 6, 2010, a memorandum from the deputy director of BWI claiming Agbor had engaged in misconduct. (Compl. ¶ 27.) On December 2, 2010, Agbor was accused of violating the State of Maryland's ethics laws in July 2010. (*Id.* ¶ 28.) On December 16, 2010, Agbor was suspended without pay for three days. (*Id.*) On September 28, 2011, Agbor was suspended without pay and notified that his employment was being terminated. (*Id.* ¶ 29.) Agbor alleges the suspensions and the termination were in retaliation for his EEOC charge. (*Id.* ¶¶ 35, 36.)

## IV. Administrative Exhaustion

MAA argues Agbor failed to exhaust his retaliation claims. This argument has no merit. A Title VII plaintiff who has not raised in his administrative proceedings the issue of retaliation due to filing an EEOC charge can nevertheless raise the issue of retaliation for the first time in federal court. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). Given the statement of the law set forth in *Nealon v. Stone*, the Court holds Agbor's retaliation claims need not be exhausted.

## V. Analysis of Merits

### A. *Sufficiency of Complaint's Allegations*

MAA's argument under Rule 12(b)(6) as to the discrimination claim is unclear. MAA seems to confuse the standard for dismissal for failure to state a claim with the standard for summary judgment. After acknowledging that Agbor has alleged a *prima facie* case of discrimination, MAA then discusses its evidence supporting its actions and requests summary judgment. (Def.'s Mot. Supp. Mem. 10-12.) The Court agrees that Agbor's allegations provide the elements of the *prima facie* case. Those factual elements, coupled with the allowable, general allegations of discriminatory intent, suffice under Rule 8 as a claim of unlawful discrimination.

As for the retaliation claim, MAA contends that Agbor's allegations are insufficient to show a causal link between his protected activity and MAA's allegedly retaliatory acts of suspension and termination because they lack close temporal proximity. MAA's argument seems to transpose a requirement of a *prima facie* case on the pleading stage, but the Supreme Court has held that a plaintiff in an employment discrimination case need not allege specific facts to establish a *prima facie* case under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007) (clarifying that newly announced standard of "enough facts to state a claim to relief that is plausible on its face" did not run contrary to *Swierkiewicz*'s holding). The Court notes that MAA focuses on the filing of the EEOC charge as the beginning of the time period to be measured at its end by MAA's allegedly retaliatory acts and, thus, argues the time between the two is too long of a period to establish temporal proximity. However, the EEOC did not resolve Agbor's charge of January 21, 2010, until June 15, 2012. (Compl., Ex. 1, Letter EEOC to Agbor, Jun. 15, 2012.) So, in evaluating the adequacy of the complaint, the Court reasonably infers that, at some point between those two dates, MAA was notified of Agbor's charge against it and responded to it within a time period not that different from the first alleged act of retaliation, *i.e.*, the memorandum in July 2010 accusing Agbor of misconduct.[2] At the pleading stage, Agbor has sufficiently alleged that his suspensions and termination resulted from an intent by MAA to retaliate for his engagement in protected activity.

The last issue to be addressed under Rule 12(b)(6) is whether Agbor's state-law claims of discrimination and retaliation satisfy the applicable statute of limitations. The limitations period

---

[2] The EEOC's notification to MAA of Agbor's charge is dated March 9, 2010 (Def.'s Mot. Ex. A), but this fact, made known to the Court in MAA's motion for summary judgment, is of no moment in evaluating whether the complaint states a claim for relief.

for an unlawful employment practice is two years after the alleged unlawful employment practice occurred. Md. Code Ann., State Gov't § 20-1013(a)(3). The Maryland Court of Appeals has said, "We have long maintained a rule of strict construction concerning the tolling of the statute of limitations. Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Trust Corp.*, 635 A.2d 394, 399 (Md. 1994). Clearly within the two-year period before Agbor's complaint was filed on September 10, 2012, are the allegedly retaliatory acts of the two suspensions (one in December 2010 and the other in the summer or fall of 2011) and Agbor's termination (in the fall of 2011). Outside of the two-year period is the allegedly discriminatory failure to promote on September 1, 2009. Agbor unconvincingly argues that this discrete act actually was a "continuing harm," but the cases he cites do not apply that doctrine to the context presented here and the Court has found no Maryland case law to support his argument. Application of the "continuing harm" doctrine is, however, appropriate for the memorandum in July 2010 accusing Agbor of misconduct since that memorandum allegedly set in motion the process by which Agbor was suspended for three days in December 2010. Although Agbor's state-law retaliation claims are viable under the applicable statute of limitations, the Court holds that Agbor's state-law failure-to-promote claim is barred as untimely.

Therefore, treating MAA's motion as one to dismiss under Rule 12(b)(6) for failure to state a claim, the Court will grant the motion as to Agbor's state-law failure-to-promote claim that comprises part of Count III and will deny it in all other respects.

### B. *Summary Judgment*

MAA's argument as to Agbor's federal discrimination and retaliation claims is properly construed as an argument for summary judgment and is accompanied by evidence. Although

Agbor has also submitted some evidentiary materials to the Court, he contends the Court may not properly grant summary judgment now because no discovery has occurred. (Pl.'s Opp'n 14-16, 19.) This assertion is insufficient under Federal Rule of Civil Procedure 56(d) to avert summary judgment. Rule 56(d) requires the nonmovant "by affidavit or declaration" to show that, for specific reasons, "it cannot present facts essential to justify its opposition." Failure to present such an affidavit or declaration to the Court, coupled with the movant's demonstration that no genuine dispute of material fact exists and that it is entitled to judgment as a matter of law, would require the granting of summary judgment for MAA. However, a major flaw in MAA's case is apparent. Its motion has attached to it a number of exhibits, but with the exception of one of these exhibits (Exhibit E, Affidavit of Cedric B. Johnson, February 8, 2010), none has been authenticated as required by Rule 56(c). "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). It is also true, however, that the Court may give a party an opportunity to properly support or address a fact. Fed. R. Civ. P. 56(e)(1). Thus, the Court will hold in abeyance the remainder of MAA's motion until it has complied with Rule 56. This same flaw exists for the exhibits submitted by Agbor in opposition to MAA's motion. Both Agbor and MAA shall file appropriate documentation on or before **April 19, 2013**.

### VI. Conclusion

After receiving the parties' anticipated submission of appropriate documentation, the Court will issue a separate order that effectuates the rulings made in this memorandum and any rulings made in a future memorandum that will address the portion of MAA's motion held in abeyance.

DATED this 5th day of April, 2013.

                                              BY THE COURT:

                                              /s/

                                          James K. Bredar
                                          United States District Judge